UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAMON ANTONIO LOPEZ,<br>   Plaintiff, | :<br>:<br>: |
| v. | :   Case No.: 3:08-cv-161 (SRU) |
| JAMES DZURENDA, et al.,<br>   Defendants. | :<br>:<br>: |

# RULING ON PLAINTIFF'S MOTION
# FOR PRELIMINARY INJUNCTION [Doc. #30]

  Plaintiff Ramon Antonio Lopez brought this civil rights action against defendants James Dzurenda, Patricia Freeman, Edward Saundry, Brenda Toma, James Sikora, Frederick Levesque, Robert Melms, Mary Marcial, Brian K. Murphy and Theresa Lantz.  He alleges that the defendants retaliated against him for writing a letter to a federal judge in support of inmate Michael Ross in 2005.  Lopez has filed a motion for preliminary injunction, based on actions allegedly taken against him by two non-defendants in July 2008.  He alleges that Correctional Counselor Tourangeau did not make proper copies of documents he wanted to file in this case and lost one of the documents.  When Lopez complained to Captain Salius about Correctional Counselor Tourangeau's conduct, Captain Salius ordered that excessive force be used against him.  For the reasons that follow, plaintiff's motion for preliminary injunction is denied.

  Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (per curiam) (emphasis, internal quotation marks and citation omitted).  Preliminary injunctive relief is designed "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."

Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam). To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. Id.; see also Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997) (reversing district court's granting of motion for preliminary injunctive relief because injury sought to be prevented through preliminary injunction was unrelated and contrary to injury which gave rise to complaint).

In addition, "[a] party seeking preliminary injunctive relief must establish: (1) either (a) a likelihood of success on the merits of its case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in its favor, and (2) a likelihood of irreparable harm if the requested relief is denied." Time Warner Cable, Inc. v. DIRECTV, Inc., 497 F.3d 144, 152-53 (2d Cir. 2007). If a party seeks a mandatory injunction, *i.e.*, an injunction that alters the status quo by commanding the defendant to perform a positive act, he must meet a higher standard. "[I]n addition to demonstrating irreparable harm, the moving party must make a clear or substantial showing of a likelihood of success on the merits, . . . a standard especially appropriate when a preliminary injunction is sought against government." D.D. ex rel. V.D. v. New York City Bd. of Educ., 465 F.3d 503, 510 (2d Cir. 2006) (internal citation and quotation omitted).

Although a hearing is generally required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations, 107 F.3d 979, 984 (2d Cir.1997). An evidentiary hearing is not required where, as here, there are no relevant facts in dispute. *Charette v. Town of*

2

*Oyster Bay*, 159 F.3d 749, 755 (2d Cir. 1998). A review of the record demonstrates that oral testimony and argument are not necessary in this case.

The incidents giving rise to this action occurred at Cheshire Correctional Institution ("Cheshire") in 2005 in response to the letter Lopez wrote to a federal judge. On January 29, 2005, defendant Dzurenda informed a nurse that Lopez was suicidal and encouraged her to arrange his transfer out of Cheshire. Lopez was taken to Garner Correctional Institution and held in the mental health ward without his property or clothing until February 2, 2005, when he was returned to Cheshire. The following day, defendant Sikora falsely reported that other inmates had labeled Lopez a "snitch." In response to the report, defendant Melms recommended that Lopez be placed in protective custody. On February 9, 2005, defendant Toma recommended that Lopez be transferred to restrictive housing. On February 10, 2005, defendant Saundry refused to provide Lopez with grievance forms. Upon his release from restrictive housing, Lopez was returned to the protective custody unit.

The retaliatory conduct that Lopez complains about in his motion for preliminary injunction is distinct from the conduct he complains about in his amended complaint. The recent conduct was undertaken by two individuals who are not defendants in this case. Although Lopez seeks to hold the defendants responsible for the conduct of all Department of Corrections employees, personal involvement is a prerequisite for section 1983 cases involving defendants in supervisory positions. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Moreover, a preliminary injunction in this case can be based only on conduct by the named defendants and alleged in the complaint. Lopez states in his reply brief that the counselor did not make proper copies in retaliation for Lopez filing this lawsuit and that excessive force was used against him

3

because he complained about the actions of the counselor to Captain Salius, who resented Lopez because Lopez had previously filed a lawsuit against Captain Salius.  Although both the amended complaint and motion for preliminary injunction set forth allegedly retaliatory incidents, the incidents asserted in the motion are not related to the claims in the amended complaint.  If Lopez wishes to pursue the more recent claims of retaliation, he should bring a separate action.

The motion for preliminary injunction [**Doc. #30**] is **DENIED**.

**SO ORDERED** this 1st day of December 2008, at Bridgeport, Connecticut.

 /s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge